## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| KENNYA A. JACKSON, ) | |
| 14310 Turner Wootton Parkway ) | |
| Upper Marlboro, MD 20774 ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-CV-1222 |
| ) | |
| JIC II, LLC, ) | |
| 125 Yuma Street, S.E. ) | JURY TRIAL DEMANDED |
| Washington, D.C. 20032 ) | |
| ) | |
|     Serve: ) | |
| Clarence H. Jackson, Jr. or ) | |
| Deborah Bailey Reid ) | |
| 2806 Beech Orchard Lane ) | |
| Upper Marlboro, MD 20774 ) | |
| ) | |
| CLARENCE H. JACKSON, JR., ) | |
| ) | |
|     Serve: ) | |
| Clarence H. Jackson, Jr. ) | |
| 2806 Beech Orchard Lane ) | |
| Upper Marlboro, MD 20774 ) | |
| ) | |
|     Defendants. ) | |

_____)

## COMPLAINT FOR DAMAGES

Plaintiff, KENYA A. JACKSON (hereinafter "Ms. Jackson" or "Plaintiff") by and through

counsel, Eric L. Siegel of Kalbian Hagerty, LLP, and hereby brings this action against JIC II, LLC

(hereinafter "Employer") and CLARENCE H. JACKSON, JR. (hereinafter "Defendant Jackson")

(hereinafter collectively referred to as "Defendants") to recover for unpaid wages and damages

under the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201 *et seq*,

the District of Columbia Collection and Payment of Wages Law ("DCCPWL"), D.C. Code § 32-

1301 *et seq.*, the District of Columbia Minimum Wages Law ("DCMWL"), D.C. Coe § 32-1001 *et seq.*, and for breach of contract, and for cause states:

## JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     This Court has supplemental jurisdiction over Plaintiff's state law collection and payment of wages claim pursuant to 28 U.S.C. § 1367(a) because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the District of Columbia.

## PARTIES

4.     Plaintiff Kenya Jackson resides at 14310 Turner Wooton Parkway, Upper Marlboro, Maryland 20774 and worked at all relevant times for Defendant JIC II, LLC at its principal place of business 125 Yuma Street, S.E., Washington, D.C. 20032.

5.     Defendant JIC II, LLC is a Maryland limited liability company and is a construction-related business that is not in good standing, but its main office is located at 125 Yuma Street, S.E., Washington, D.C. 20032 with a secondary office located at 4333 G Street, S.E., Washington, D.C. 20019.

6.     Defendant Clarence H. Jackson, Jr. resides at 2806 Beech Orchard Lane, Upper Marlboro, Maryland 20774 and serves as President of JIC II, LLC.  At all relevant times, he was Plaintiff's employer and entered into a binding contract of employment with Plaintiff.

7.     From April 1, 2016 to January 30, 2019, one or both of the Defendants employed the

Plaintiff, and, at all times relevant to this action, condoned, ratified, authorized, and/or engaged in the customs, practices, policies, and wrongful acts described in this Complaint through its agents and/or employees.

8.    At all times relevant to this action, the Defendants were responsible for keeping and maintaining all employment records relating to Plaintiff or caused such records to be kept or maintained.

9.    At all times relevant to this action, one or both of the Defendants were engaged in commerce within the meaning of the FLSA by providing dump truck services to real estate development companies in Maryland and the District of Columbia.

10.    At all times relevant to this action, one or both of the Defendants were "employers" within the meaning of the FLSA, the DCMWL and the DCCPWL.

11.    At all times relevant to this action, Plaintiff was an "employee" within the meaning of the FLSA, the DCMWL and the DCCPWL and was not exempt from the FLSA's maximum hour provisions.

12.    At all times relevant to this action, one or both of the Defendants "employed" Plaintiff within the meaning of the FLSA.

13.    At all times relevant to this action, one or both of the Defendants were aware that they were legally required to pay Plaintiff the federal and District of Columbia minimum wage for all hours worked.

## STATEMENT OF FACTS

14.    Plaintiff Kennya A. Jackson was hired by the Defendants on or about August 1, 2016 to serve as its Office Manager.

15.     The Defendants and Ms. Jackson entered into a written and binding employment agreement that states, in part, that it was effective on August 1, 2016 and was to "continue for an indefinite period until it has been cancelled…" (hereinafter "Contract").

16.     Ms. Jackson was to execute her duties in two offices: (1) 4333 G Street, S.E., Washington, D.C. 20019 and (2) 125 Yuma Street, S.E., Washington, D.C. 20032.

17.     The Contract specifies that her remuneration is $4,800.00 per month (which equates to $30.00 per hour[1]) (Contract at ¶ 6.1).

18.     Her compensation package also included an annual bonus equal to one (1) month's salary after the completion of twelve (12) months of continuous service.  Contract at ¶ 6.2.

19.     She was required to work 40 hours per week but no more than 45 hours in a given week. Contract at ¶5.1.

20.     In terms of fringe benefits as part of her compensation package, the Contract provides that she is entitled to twenty-one (21) days of annual leave per year and to be paid for all accrued leave at the time of termination.  Contract at ¶¶ 7.2.1 and 7.2.3.

21.     She performed her Office Manager job from August 1, 2016 through January 30, 2019, when she resigned as a result of the Employer's repeated willful failure to pay her.

22.     She was required to keep track of her hours and typically worked an 8-hour day, 5-days per week.

---

[1]      $4,800.00/month divided by 160 hours per month (which is 40 hours per week times 4 weeks) equals $30.00 per hour.  Ms. Jackson's paystubs incorrectly reflect that she was paid $22.00 per hour.

23.     From August 1, 2016 through June 30, 2017, Defendants failed to pay Ms. Jackson under her Contract, as well as the minimum wage under D.C. law, $11.50/hour, for a total of $20,240.00 in wages owed.

24.     From July 1, 2017 through June 30, 2018, Defendants failed to pay Ms. Jackson under her Contract, as well as the minimum wage under D.C. law, $12.50/hour, for a total of $800.00 in wages owed.

25.     From July 1, 2018 through January 31, 2019, when Ms. Jackson resigned, Defendants failed to pay Ms. Jackson under her Contract, as well as the minimum wage under D.C. law, $13.25/hour, for a total of $7,480.00 in wages owed.

26.     Notwithstanding the Contract's express terms, Ms. Jackson was not paid all the wages that were owed to her for the period from August 1, 2016 through the date of her resignation on January 30, 2019.

27.     Ms. Jackson was promised the annual bonus.  Consequently, based on the terms of the Contract, she is owed a bonus for 2017 and 2018 in the amount of $9,600.00 (payment for two months).

28.     In addition, for the entire time that she worked for the Employer, she never took any annual leave, which accrued as follows: (1) 7 days for 2016, (2) 21 days for 2017, and (3) 21 days for 2018.

29.     Accordingly, she is owed 49 days of annual leave per paragraph 7.2.3 of the Contract. Based on her monthly salary of $4,800.00, which equates to $30.00 per hour, she is entitled to receive the cash equivalent of annual leave upon the termination of her employment in the amount of $1,470.00.

30.    For the period from August 1, 2016 through June 30, 2018, Ms. Jackson was not paid any

wages in exchange for her work performance, let alone minimum wages under federal and

District of Columbia law.

31.    In all, per her Contract, for the period from August 1, 2016 through January 31, 2019, Ms.

Jackson was not paid her wages in the amount of $75,499.00.

32.    Despite multiple requests, including a later request by counsel, the Defendants never paid

the wages owed to Ms. Jackson.

33.    At all times relevant to this action, the Defendants were responsible for keeping and

maintaining all employment records relating to Ms. Jackson or cause such records to be

kept or maintained.

34.    Upon information and belief, the Defendants have failed to keep accurate time records for

Mr. Martinez pursuant to the requirements of the FLSA.

35.    All conditions precedent for the filing of this lawsuit have been satisfied.

## COUNT I
## FLSA MINIMUM WAGE VIOLATION

36.    Plaintiff realleges and incorporates by reference paragraphs 1 through 32 as if fully set

forth herein.

37.    Defendants are an employer within the scope of the FLSA.

38.    Plaintiff was the Defendants' employee within the meaning of the FLSA.

39.    Plaintiff was a "non-exempt" employee of the Defendants within the meaning of the FLSA.

40.    At all relevant times, the FLSA required the Defendants to pay Plaintiff at least the

minimum wage per hour during her employment in an amount to be determined at trial.

41.    The Defendants violated the FLSA by knowingly failing to pay Plaintiff at least the

minimum wage per hour, in violation of 29 U.S.C. § 206(a)(1)(C).

42.     The Defendants' violations of the FLSA's minimum wage requirements were repeated, willful, and intentional.

43.     The Defendants are liable to Plaintiff for, *inter alia*, her unpaid minimum wages, liquidated damages, and costs and reasonable attorneys' fees incurred in the maintenance of this action pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE DCMWL

44.     Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

45.     Each of the Defendants is an "employer" within the meaning of the DCMWL.

46.     An employer shall pay each employee at least a minimum wage specified in the statute for hours of work performed, and failure to do so is a violation of D.C. law.  D.C. Code § 32-1010(a)(1).

47.     Ms. Jackson worked 40 hours per week from August 1, 2016 through January 31, 2019, when she resigned for Defendants' failure to pay her minimum wages owed, despite repeated requests for payment.

48.     Failure to pay Ms. Jackson all of her wages owed subjects the Employer to payment of the minimum wages owed and mandatory treble damages, absent a showing of good faith. D.C. Code § 32-1012(b)(1).

49.     Ms. Jackson is owed $28,520.00 in unpaid minimum wages for the period from August 1, 2016 through January 31, 2019.

50.     Ms. Jackson is entitled to liquidated damages in the amount of $85,560.00 for Defendant's

failure to pay the minimum wages owed.

51.    Defendants did not act in good faith by failing to pay Ms. Jackson minimum wages owed

and did not have reasonable grounds that its failure to pay was not a violation of the statute.

52.    Ms. Jackson is entitled to be paid all reasonable attorneys' fees, interest and costs that she

has incurred, and must incur going forward, to vindicate her rights under the statute

## COUNT III
## VIOLATION OF THE DCCWPL

53.    Plaintiff realleges and incorporates by reference paragraphs 1 through 52 as if fully set

forth herein.

54.    Each of the Defendants is an "employer" within the meaning of the DCCPWL.

55.    "An employer *shall* pay all wages earned to his or her employees on regular paydays

designated in advance by the employer and at least twice during each calendar month,"

with the exception of administrative staff, such as an office manager, who may be paid

once per month." D.C. Code § 32-1302 (emphasis added).

56.    Wages includes salary compensation, the cash value of earned but unused annual leave and

any bonuses as part of Plaintiff's compensation package.

57.    D.C. law also provides that upon the termination of an employee's employment, she must

be paid all wages owed within four (4) days of her separation date.  D.C. Code §32-1303(1).

58.    Defendant owes Plaintiff wages in the total amount of $86,569.00.

59.    Failure to pay Ms. Jackson all of her wages owed subjects the Employer to mandatory

treble damages.  D.C. Code § 32-1303(4).

60.    Under the DCCWPL, Defendants' failure to pay Plaintiff her wages owed requires that

Defendants pay treble damages in the amount of $259,707.00.

61.     In addition to damages owed, the District of Columbia issues statutory penalties for violations of the law.  Given that Ms. Jackson has previously demanded payment of the wages owed to her, and Defendants have willfully either refused or ignored her requests, Defendants are subject to penalties for multiple violations in the amount of $10,000.00 or imprisonment for not more than ninety (90) days.  D.C. Code § 32-1307(a)(2).

62.     Ms. Jackson is entitled to be paid all reasonable attorneys' fees and costs that she has incurred, and must incur going forward, to vindicate her rights under the statute, and it is mandatory.  D.C. Code § 32-1308(a)(1)(A).

63.     The DCCWPL expressly provides that Ms. Jackson may pursue attorney fees "computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C. 2000) and updated to account for the current market hourly rates for attorney's services. The court shall use the rates in effect at the time the determination is made."  D.C. Code § 32-1308(b)(1).

64.     The attorneys' fees which Ms. Jackson may pursue as part of her relief also include the fees associated with pursuing collection of any judgment received in Ms. Jackson's favor.

## COUNT IV
## BREACH OF CONTRACT

65.     Plaintiff realleges and incorporates by reference paragraphs 1 through 64 as if fully set forth herein.

66.     Plaintiff had a contract of employment ("Contract") that was executed by Defendant Jackson on behalf of Defendant JIC II, LLC.

67.     Defendant JIC II, LLC breached Plaintiff's Contract by not paying her all wages and benefits owed under her Contract.

68.     As a result of Defendant JIC II, LLC's breach of Contract, Plaintiff has suffered damages to be proven at trial.

69.     Defendant JIC II, LLC is not a business in good standing in the State of Maryland so its corporate veil is pierced so that Defendant Jackson is jointly and severally liable for any legal obligations of JIC II, LLC.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that this Court:

A.     Declare the Defendants' conduct to be a violation of the FLSA, the DCWML and the DCCWPL;

B.     Declare Defendants to have breached the Contract with Plaintiff;

C.     Enjoin the Defendants to comply with all applicable federal and District of Columbia wage laws;

D.     Award to Plaintiff his unpaid minimum and overtime wages plus liquidated damages under FLSA;

E.     Award to Plaintiff her unpaid wages plus treble damages under District of Columbia law;

F.     Award to Plaintiff his costs and reasonable attorneys' fees incurred in this action;

G.     Award Plaintiff prejudgment and post-judgment interest as permitted by law; and

H.     Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 26, 2019

Respectfully submitted,

KALBIAN HAGERTY, LLP


By   /s/  Eric L. Siegel
Eric L. Siegel
Bar No. 427350
888 17th Street, N.W., Suite 1000
Washington, D.C. 20006
(202) 419-3296
esiegel@kalbianhagerty.com

*Attorney for Plaintiff Kennya A. Jackson*